UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., et al.,<br><br>Defendants. | No.  2:24-cv-02868-DC-JDP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, DENYING DEFENDANT WAL-MART'S MOTION TO DISMISS AS MOOT, AND REMANDING THIS ACTION TO THE SAN JOAQUIN COUNTY SUPERIOR COURT<br><br>(Doc. Nos. 5, 8) |

This matter came before the court on December 20, 2024, for a hearing on Plaintiff's motion to remand this case to the San Joaquin County Superior Court and on the motion to dismiss filed by Defendant Wal-Mart Stores, Inc. ("Wal-Mart"). (Doc. Nos. 5, 8). Attorney Marie Esther Garcia appeared on behalf of Plaintiff. Attorney Juan Araneda appeared on behalf of Defendant Wal-Mart.[1] For the reasons explained below, the court will grant Plaintiff's motion to remand and deny Defendant's motion to dismiss as moot.

**BACKGROUND**

On August 27, 2024, Plaintiff Deborah Johnson filed this action against her former employer, Defendant Wal-Mart; her former supervisor, Defendant Victoria Calderon; a Wal-Mart

---

[1] Counsel did not appear on behalf of individual Defendants Victoria Calderon and Imelda Posadas because they have not yet been served. (Doc. No. 1.)

1

human resources manager, Defendant Imelda Posadas; and Does 1 through 25. (Doc. No. 1 at 23–24.) In her complaint, Plaintiff alleges the following.

Plaintiff began working as an "Online Shopper" for Defendant Wal-Mart in November 2022. (*Id.* at 25.) Plaintiff informed Defendant Wal-Mart she required accommodations to care for her partner, who required multiple dialysis treatments per week. (*Id.* at 26.) Though Defendant Wal-Mart allegedly agreed to accommodate Plaintiff's request for afternoon shifts, Defendant Wal-Mart repeatedly scheduled her for shifts outside her availability. (*Id.*)

Shortly after starting at Wal-Mart, Plaintiff's mother suffered a heart attack. (*Id.*) Plaintiff was unable to work from November 19 until November 22, 2022, due to her mother's condition. (*Id.*) Defendant Calderon suggested Plaintiff apply for family or personal leave by contacting Defendant Wal-Mart's third-party leave administrator, Sedgwick Claims Management Services, Inc. ("Sedgwick"). (*Id.*)

On December 20, 2022, Plaintiff applied for paid family leave through Sedgwick to help transition her mother into hospice care.[2] (*Id.*) Plaintiff planned to return to work on February 6, 2023, but while she was visiting the store in January, Defendant Posadas handed her a signed letter denying her paid family leave request. (*Id.* at 27.) Defendant Posadas informed Plaintiff that her employment was terminated because she had accrued more absences than allowed per Defendant Wal-Mart's policy. (*Id.*) Plaintiff received a separation notice, signed by Defendant Posadas, involuntarily terminating her for "attendance violation." (*Id.*) Plaintiff alleges she was wrongfully terminated and retaliated against for requesting accommodations for her partner's and mother's disabilities. (*Id.* at 33.)

Plaintiff filed her complaint in San Joaquin County Superior Court on August 27, 2024. (*Id.* at 23.) Plaintiff in her complaint brings the following claims against Defendant Wal-Mart: (1) associational disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) failure to accommodate in violation of FEHA; (3) failure to engage in the interactive process in violation of FEHA; (4) retaliation in violation of FEHA; (5) failure to

---

[2] Plaintiff submitted her application the day after returning from her approved COVID-19 leave. (Doc. No. 1 at 26.)

2

1  prevent discrimination, harassment, or retaliation in violation of FEHA; (6) violations of paid sick
2  leave requirements under the California Labor Code; (7) violations of kin care requirements under
3  the California Labor Code; and (8) wrongful termination in violation of public policy. (*Id.* at 27–
4  40.) Plaintiff also brings two claims against all Defendants for: (9) intentional infliction of
5  emotional distress ("IIED") and (10) defamation. (*Id.* at 41–42.)

6  On October 16, 2024, Defendant Wal-Mart filed a notice of removal asserting that
7  Defendants Posada and Calderon, who are California citizens, are fraudulently joined "sham
8  defendants" and thus diversity jurisdiction exists pursuant to 20 U.S.C. §§ 1332, 1441, and 1446.
9  (Doc. No. 5.) On October 23, 2024, Defendant Wal-Mart filed the pending motion to dismiss
10 Plaintiff's third, fourth, sixth, ninth, and tenth claims. (*Id.*) Plaintiff filed her opposition to that
11 motion on October 23, 2024. (Doc. No. 7.) Defendant Wal-Mart filed its reply thereto on
12 November 21, 2024. (Doc. No. 9.)

13 In addition, on November 13, 2024, Plaintiff filed the pending motion to remand this case
14 back to state court. (Doc. No. 8.) In her motion, Plaintiff contends that Defendants Posada and
15 Calderon are not "sham defendants," and that Defendant Wal-Mart has not shown that it would be
16 impossible to state causes of action against Defendants Posada and Calderon. (*Id.*) Thus, Plaintiff
17 argues this case should be remanded because Defendant Posada's and Calderon's California
18 citizenship defeats diversity. (*Id.*) Defendant Wal-Mart filed its opposition to the pending motion
19 to remand on November 21, 2024, and Plaintiff filed her reply thereto on December 2, 2024.
20 (Doc. Nos. 10, 12.)

21 **LEGAL STANDARD**
22 **A.    Removal Jurisdiction**
23 "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of*
24 *America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to
25 federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).
26 Removal to federal court is proper when a case filed in state court poses a federal question or
27 where there is diversity of citizenship among the parties and the amount in controversy exceeds
28 $75,000. 28 U.S.C. §§ 1331, 1332(a).

3

The party removing the action has the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hamsen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-0161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 4, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

**B.     Fraudulent Joinder**

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare,* 889 F.3d at 548 (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). There are two ways to show fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (internal citations omitted). If there is a "possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants," the court must find that a defendant was properly joined and remand the case to state court. *Grancare, LLC*, 889 F.3d at 549 (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

4

There is a presumption against fraudulent joinder, and the party opposing remand bears a "heavy burden" of proving fraudulent joinder. *Hunter*, 582 F.3d at 1044. "Fraudulent joinder must be proven by clear and convincing evidence," and courts must resolve all disputed questions of fact in favor of the plaintiff. *Hamilton Materials, Inc.* v. *Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Courts may consider summary judgment-type evidence in making their determination. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001). Further, "[r]emand must be granted unless the defendant establishes that plaintiff could not amend her pleadings to cure the purported deficiency." *Reyes v. FCA US LLC*, No. 1:20-cv-00833-DAD-SKO, 2020 WL 7224286, at *2 (E.D. Cal. Dec. 8, 2020) (citing *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)).

## ANALYSIS

**A.     Plaintiff's Motion to Remand[3]**

Plaintiff argues that both of her claims brought against Defendants Calderon and Posadas are colorable and thus those defendants are not fraudulently joined in this case. (Doc. No. 8.) To prevail on her motion to remand, Plaintiff need only show that at least one of those claims against each of the individual Defendants is colorable for the court to find Defendants Calderon and Posadas properly joined. Therefore, the court need not address Plaintiff's defamation claim.

To state a claim for IIED under California law, a plaintiff must show (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (citations and quotations omitted).

As for Plaintiff's IIED claim, Defendant Wal-Mart argues that Defendants Calderon and Posadas are fraudulently joined because: (1) Plaintiff's IIED claim is barred by the Workers' Compensation Act ("WCA"); (2) IIED claims cannot be maintained against an employee for

---

[3] The court begins its analysis with Plaintiff's motion to remand because that motion challenges this court's jurisdiction and must be resolved first.

personnel decisions under California law; and (3) Plaintiff did not and cannot allege extreme and outrageous conduct. (Doc. No. 10 at 11–15.)

### 1. Workers' Compensation Act Preemption

The WCA is the exclusive remedy for claims of IIED when the claims arise out of action taken within the context of the employment relationship. *Carlos v. Old Dominion Freight Line, Inc.*, 726 F. App'x 576, 579 (9th Cir. 2018)[4]; *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 233 (1987); Cal. Lab. Code § 3600, *et seq.* WCA preemption applies even where an employer's acts are "calculated to cause severe emotional disturbance" within the employment relationship. *Gantt v. Sentry Ins.*, 1 Cal. 4th 1083, 1099 (1992), *overruled on other grounds by Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66 (1998).

However, there exists a "longstanding view that unlawful discrimination and retaliation in violation of FEHA falls outside the compensation bargain" and that "claims of such intentional infliction of emotional distress based on such discrimination and relation" are not covered by WCA exclusivity. *Light v. Dep't of Parks & Recreation*, 14 Cal. App. 5th 75, 101 (2017). Further, if a plaintiff claims that the conduct of the employer is "outside the normal risks of the employment relation, claims for emotional distress are not preempted by the WCA." *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1054 (C.D. Cal. 2013). Not all conduct that occurs in the course of employment constitute "the normal part of the employment relationship." *Id.* Indeed, a claim of IIED will not be barred by the WCA where "a plaintiff can allege that she suffered emotional distress because of a pattern of continuing violations that were discriminatory." *Murray v. Oceanside Unified Sch. Dist.*, 79 Cal. App. 4th 1338, 1363 (2000). District Courts in the Ninth Circuit have also concluded that plaintiff employees may pursue an IIED claim where the defendant's conduct met the elements of an IIED claim and violated FEHA. *Villegas v. CSW Contractors, Inc.*, No. 1:17-cv-01201-DAD-JLT, 2017 WL 6311668, at *4 (E.D. Cal. Dec. 11, 2017); *Negherbon v. Wells Fargo Bank*, No. 15-cv-02368-JCS, 2015 WL 6163570, at *10 (N.D. Cal. Oct. 21, 2015); *Elowson v. Jea Senior Living*, No. 2:14-cv-02559-JAM-KJN,

---

[4] Citation to the unpublished Ninth Circuit opinions such as those cited here and elsewhere in this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1  2015 WL 2455695, at *1, *4–5 (E.D. Cal. May 22, 2015).

2  Determining whether an IIED claim arises from behavior that is part of the employment relationship or "so far out of the normal risks of the employment" that it is not covered by WCA preemption is a "heavily fact intensive" inquiry. *See Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1181 (N.D. Cal. 2003). No bright line test exists to determine what behavior by an employer is covered by the WCA, and any "ambiguities in the controlling state law" must be resolved in favor of the non-removing party when analyzing fraudulent joinder. *Onelum*, 948 F. Supp. 2d at 1055.

Here, Defendant Wal-Mart argues that Plaintiff's IIED claim against Defendants Calderon and Posadas is barred by the WCA, rendering them fraudulently joined. (Doc. No. 10 at 15.) Plaintiff avers that IIED claims based on discrimination and retaliation are not subject to exclusivity under the WCA. (Doc. No. 8 at 19.) But Plaintiff does not directly connect her IIED claim to alleged retaliation or discrimination in violation of FEHA. Plaintiff alleges the conduct of Defendant Wal-Mart and its agents (presumably including Defendants Posadas and Calderon) constituted unlawful retaliation and discrimination in violation of FEHA. (Doc. No. 1 at 33, ¶ 60.) Further, Plaintiff alleges she has suffered "mental, physical, and emotional distress" to include "humiliation, anxiety, nervousness, depression, sleeplessness" as a result of that retaliatory and discriminatory conduct, including the termination of her employment. (*Id.* at 27, ¶ 27.)

Even though Plaintiff's allegations do not describe the specific conduct of Defendant Posadas and Calderon, Plaintiff's allegations and her counsel's representations at oral argument suggest that additional facts could be plead to show Defendant Posadas and Calderon, rather than Sedgwick, had discretion to terminate Plaintiff and did so because Plaintiff's requested schedule accommodations and family leave became a burden to the scheduling of work shifts. (*Id.*). Therefore, though Plaintiff has not plead sufficient facts to state a claim for IIED against Defendants Posadas and Calderon in her original complaint, Defendant Wal-Mart has not established that granting Plaintiff leave to amend her complaint would be futile. *See Padilla*, 697 F. Supp. 2d at 1159; *Golda v. Residence Inn by Marriott, LLC*, No. 18-cv-8573-DMG-AFM, 2019 WL 102375, at *4 (C.D. Cal. Jan. 4, 2019) (remanding case to state court where Plaintiff

7

1 could possibly plead a cause of action for IIED in a subsequent amended complaint, even where
2 plaintiff failed in his original complaint to tie his IIED claim to retaliation in violation of FEHA);
3 *see Villegas,* 2017 WL 6311668, at *5 (granting motion to remand where defendants failed to
4 show that there was "no possibility plaintiff could prevail on her IIED claim" against her
5 supervisor.)

6       Thus, the court is not persuaded by Defendant Wal-Mart's argument that Defendants
7 Calderon and Posadas are fraudulently joined because Plaintiff's IIED claim is barred by the
8 WCA.

9       2.      <u>IIED Claims based on Personnel Management</u>

10       Next, Defendant Wal-Mart argues that the alleged conduct by Defendants Calderon and
11 Posadas constitutes, at best, personnel management. (Doc. No. 10 at 13.) Defendant argues that
12 allegations of personnel management activity are insufficient to support a claim of IIED, even if
13 an improper motive for such activity is alleged. (Doc. No. 10 at 11) (citing *Janken v. GM Hughes*
14 *Elecs.*, 46 Cal. App. 4th 55, 80 (1996)).

15       In *Janken*, the court concluded that to sustain a claim for intentional infliction of
16 emotional distress, outrageous conduct beyond the bounds of human decency must be pled.
17 *Janken*, 46 Cal. App. 4th at 80. Personnel management activity, even if improperly motivated, is
18 not enough to support a claim for intentional infliction of emotional distress. *Id.* Other courts have
19 held that managerial conduct that goes beyond normal personnel management decisions can give
20 rise to IIED claims. *Corona v. Quad Graphics Printing Corp.*, 218 F. Supp. 3d 1068, 1074 (C.D.
21 Cal. 2016) (finding that while termination alone is insufficient to constitute extreme and
22 outrageous conduct, a court must determine whether severe emotional distress can be found
23 where the conduct goes beyond an act of termination); *Onelum v. Best Buy Stores L.P.*, 948 F.
24 Supp. 2d 1048, 1054 (C.D. Cal. 2013) (finding similarly); *Calero*, 271 F. Supp. 2d at 1178–9
25 (finding that conduct of an employee or one of its agents so outside the bounds of reasonable
26 conduct can give rise to a claim for IIED).

27       Therefore, Plaintiff may state a claim for IIED against Defendants Calderon and Posadas
28 if she can allege that their conduct went "beyond the act of termination" or is "outside the bounds

of conduct tolerated by a decent society." *See Onelum*, 948 F. Supp. 2d at 1053; *Calero*, 271 F. Supp. 2d at 1178. Here too, Defendant Wal-Mart has not established that granting Plaintiff leave to amend her complaint to address the shortcomings of her IIED allegations would be futile. Thus, the court is likewise not persuaded by Defendant Wal-Mart's argument that Plaintiff's IIED claims cannot be maintained against Defendants Calderon and Posadas.

### 3. Failure to State a Claim of IIED

Lastly, Defendant Wal-Mart argues that even accepting Plaintiff's allegations as true, she has not and cannot allege any facts to support the first requisite element of an IIED claim—extreme or outrageous conduct by Defendants Calderon and Posadas. (Doc. No. 10 at 14.) For conduct to be "outrageous" it must be so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982).

The court agrees with Defendant Wal-Mart that Plaintiff's complaint currently contains insufficient facts to allege that Defendants Posadas or Calderon took any steps "so outside the bounds of conduct tolerated by a decent society" so as to give rise to an IIED claim. *See Onelum*, 948 F. Supp. 2d at 1054. As currently pled, Plaintiff's allegations likely fail to state a claim against Defendants Posadas and Calderon. However, "[r]emand must be granted unless the defendant establishes that plaintiff could not amend her pleadings to cure the purported deficiency." *Reyes*, 2020 WL 7224286, at *2 (citing *Padilla*, 697 F. Supp. 2d at 1159). Given the liberal amendment standard enjoyed by litigants in California and federal courts alike, Defendant Wal-Mart has not shown that Plaintiff would be unable to amend her complaint to cure the factual deficiencies in her IIED claim in the probable event that she is granted leave to amend. *See Howard v. Cnty. of San Diego*, 184 Cal. App. 4th 1422, 1428 (2010) (noting that the "policy favoring amendment is so strong that it is a rare case in which denial of leave to amend can be justified").

Though Plaintiff's claim for IIED is deficiently pled in the operative complaint, it remains possible that Plaintiff could amend her complaint to allege facts sufficient to show the requisite elements and to establish that her claim falls outside of WCA's exclusivity provisions. Given that remand must be granted unless Defendant Wal-Mart can show that it is impossible for the

Plaintiff to prevail on "any cause of action it brought against the non-diverse defendant," the court will grant Plaintiff's motion to remand this case. *See Padilla*, 697 F. Supp. 2d at 1159.

**B.    Attorneys' Fees**

Plaintiff requests an award of attorneys' fees she incurred as a result of removal. (Doc. No. 8 at 27.) District courts have the discretion to award attorneys' fees if the matter is remanded. 28 U.S.C. § 1447(c). A court should award attorneys' fees and costs under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal" unless "unusual circumstances" are present. *Schiff v. Liberty Mut. Fire Ins. Co.*, 784 F. App'x 490, 492 (9th Cir. 2019) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). Because the law regarding WCA exclusivity is not particularly clear and the Plaintiff's IIED claim is insufficient as currently pled, the court finds that Defendant Wal-Mart did not lack an objectively reasonable basis for removal. Though the court finds that Defendants Posadas and Calderon are not "sham defendants," Plaintiff's request for attorneys' fees will nevertheless be denied.

### CONCLUSION

For the reasons explained above:

1. Plaintiff's motion to remand this case to the San Joaquin County Superior Court (Doc. No. 8) is granted;
2. Defendant Wal-Mart's motion to dismiss (Doc. No. 5) is denied as having been rendered moot by this order;
3. This matter is remanded to the San Joaquin County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **December 27, 2024**

Dena Coggins
United States District Judge

10